**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**Town of Georgia v. King**                                  **Docket No. 105-6-10 Vtec**

Title: Motion for a New Trial (Filing No. 11)
Filed: September 9, 2011
Filed By: Defendant Ronald King, pro se

Opposition filed on 9/26/11 by David W. Rugh, Co-counsel for Plaintiff Town of Georgia

  _X_ Granted                    ___ Denied                    ___ Other

On August 30, 2011, the Court held a one-day trial on the above matter, an enforcement action bought by the Town of Georgia ("the Town") against Ronald King and Laurie King ("Defendants") for developing a second dwelling unit on their property without obtaining a zoning permit. Prior to the hearing, the Court had granted partial summary judgment to the Town on the question of whether Mr. King could contest the terms of the violation identified in the Notice of Violation issued by the Town to Defendants. The Court concluded that Mr. King could not contest the terms of the violation, leaving for trial only the question of what penalties should be assessed upon Defendants based on their violation of the Town's zoning ordinance and pursuant to 24 V.S.A. § 4451(a).

Following a one-day trial, on September 13, 2011 the Court issued a judgment order assessing Defendants a total of $7,865.00 in penalties to cover the 520 days that the Court found them to have violated the Town's ordinance. The Court elected to exclude from its judgment award the Town's separate request for reimbursement of attorneys' fees. Mr. King now requests that the Court grant him a new trial for multiple issue that he believes "severely impacted the eventual decision" issued by the Court. (See Letter from Ronald King to Court Manager at 2, filed Sept. 9, 2011.) While Mr. King was represented at trial, the attorney who represented him has since withdrawn by approval of the Court.

In his request for a new trial, Mr. King argues that the absence of Ms. King, his co-defendant, prevented him from introducing evidence "essential" to his case, and that "crucial" evidence was also excluded because of a failure by his attorney to request that a member of the Town's Planning Commission be present at trial.[1] (Id. at 1.) Mr. King also seeks a new trial to clear up any misconceptions about him that his attorney may have created by a line of questioning which he believes created an incorrect implication. Mr. King argues that the

---

[1] Mr. King also expressed concern that he was not notified that Attorney Amanda Lafferty, co-counsel for the Town, would not be present at the trial. Attorney Lafferty is one of multiple attorneys appearing on behalf of the Town in this matter, and Mr. King has not offered an explanation for why Ms. Lafferty is needed at trial.

attorney who represented him at trial provided substandard legal representation, asked him to lie, and did not allow him to participate in his defense.

Our procedural rules anticipate and provide guidance for how a trial court may address motions like the one filed by Mr. King, a motion for a new bench trial. Under Rule 59(a) of the Vermont Rules of Civil Procedure, in a matter tried without a jury, upon a "motion for a new trial . . . , the court before which the action has been tried may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." See V.R.E.C.P. 4(a)(2). A court has discretion in determining whether justice calls for a new trial in matters tried without a jury. See Glosser v. Cihocki, No. 2005-345 (Vt. July term 2006) (unpublished mem.).

We have considered the potential prejudice the parties may face if we were to grant or deny Mr. King's request for a new trial. We conclude that granting the request is warranted here because of the unique circumstance in this enforcement action—the Defendants were or are married—and the assumption Mr. King may have made as a result—that Ms. King would necessarily be present at trial. Mr. King claims to have been unaware of the possibility that Ms. King would be absent and that her absence prevented him from presenting "essential" evidence.

While Mr. King should have subpoenaed Laurie King if her presence as a witness was necessary for a full presentation of Mr. King's case, Mr. King's assumption that she would be present is not unreasonable in light of their relationship with each other and with the property that is the subject of the Notice of Violation. Our decision to grant Mr. King's motion for a new trial is based solely upon his misconceptions about the need to subpoena essential witnesses for trial; we do not find his arguments persuasive that the actions of his former attorney had a material influence upon the outcome of the first trial.

Any prejudice potentially suffered by the Town in re-opening the judgment is mitigated by our ability to adjust the penalty amount, including through incorporation of the Town's prior or additional attorneys' fees, upon hearing further evidence. Re-opening the judgment necessarily re-opens the issue that was before the Court at trial—what penalties should be assessed upon Defendants based on the violation identified in the Notice of Violation—for the presentation of additional evidence by every party to this appeal. In other words, during the new trial we will take any additional presentations offered by each Defendant and the Town. We may thereafter conclude that the penalty amount we calculated in our judgment order of September 13, 2011 should be decreased or increased within the confines of 24 V.S.A. § 4451(a), the guiding statute that provides for fines of up to $100.00 per day that a violation continues.

For the reasons explained above, we conclude that justice calls for a new trial and **GRANT** Mr. King's motion. We wish to remind the parties that the only legal issue before the Court in the proceeding will be whether the Court should adjust, downward or upward, its prior judgment order concerning what penalties should be assessed upon Defendants based on their violation of the Town's ordinance identified in the Notice of Violation issued to them. Parties are also reminded that they should not repeat evidence that has already been submitted to the Court in the prior proceeding. We look forward to the parties' presentation of additional evidence at a new trial and will adjust our prior judgment order based upon such new evidence, our determination of the weight to be afforded such new evidence, and the credibility of the additional witnesses offered.

It is ordered that, by **Friday, October 28, 2011**, the parties shall notify the Court, in writing, of their unavailable dates in the months of December, 2011 and January, 2012 for a one-day trial at the Franklin County Courthouse. If any party believes that more than one day of trial will be needed for a full presentation of the evidence from all of the parties to this appeal, that should be included in the letter to the Court. The Court will thereafter notify the parties of the trial date or dates.

_____                    _____October 19, 2011_____
        Thomas S. Durkin, Judge                                                    Date

================================================================================

Date copies sent to: _____                              Clerk's Initials _____

Copies sent to:

   Amanda Lafferty, Attorney for Plaintiff Town of Georgia

   John H. Klesh, Co-counsel for Plaintiff Town of Georgia

   David W. Rugh, Co-counsel for Plaintiff Town of Georgia

   Laurie King, pro se Defendant

   Ronald King, pro se Defendant